TYMKOVICH, Circuit Judge,
concurring.
I agree with the majority’s assessment of the second clause at issue in ClearOne’s bylaws. As the majority concludes, the “financial ability to make the payment,” while not subject to precise definition, is not so vague as to be illusory. For that reason, the judgment should be reversed and the district court on remand should assess whether ClearOne’s management in good faith denied Flood indemnification based on the company’s financial ability to pay.
But I must disagree with the majority’s assessment of the third clause — “the financial resources of the corporation should be devoted to this use rather than some other use....” I read that clause to complement the “financial ability” clause. Any other reading of the “financial resources” clause, I believe, gives ClearOne unfettered discretion to decide whether and how to perform, and thus renders the contract illusory. 3 Richard A. Lord, Williston on Contracts § 7:7 (4th ed. 1989) (“Where an illusory promise is made, that is, a promise merely in form, but in actuality not promising anything, it cannot serve as consideration.”).
At first blush, the “financial resources” clause appears to give ClearOne unlimited authority to determine whether to indemnify Flood. The clause by its own terms *1127 does not place any substantive limits on the company’s decision whether or not to indemnify Flood, instead stating the company may indemnify Flood if the company’s finances “should” be used to indemnify Flood. That tautology begs the questions: On what basis may ClearOne decide it “should” indemnify Flood? And if ClearOne may choose any basis on which to refuse indemnification, what — if anything — was Flood bargaining for?
The majority works around this problem with the “financial resources” clause by claiming Flood was bargaining for process. I agree that process can count as valid consideration for a contract. Or, put differently, Flood could have bargained for the right to have ClearOne consider whether to indemnify her at some point in the future, so long as there were some objective constraints — however vague — on ClearOne’s decision process.
The primary Utah case, Res. Mgmt. Co. v. Weston Ranch & Livestock Co., 706 P.2d 1028 (Utah 1985), which the majority correctly relies on, is on point. There, one party could terminate the contract at “its sole discretion” with “reasonable belief that the commercial and mineral value of the property would not justify further performance----” 706 P.2d at 1038. Although the majority notes the Resource Management contract did not specify a “particular rate of return” below which the contract could be terminated, that is a problem of degree not of kind. Trying to judge whether the Resource Management party terminated in good faith based on mineral value would be difficult, but at least the parties’ financial interests were somewhat aligned — motivating the parties to perform using their best efforts — and the reviewing court would have an object at which to direct its good faith analysis (i.e., the projected mineral value and whether it was low enough to justify a good faith termination). Here, there is no substantive basis on which to judge whether ClearOne exercised the clause in good faith.
In practice, then, the majority makes the good faith requirement do double duty: it supplies both the clause’s substantive and procedural bases. But the majority does not make explicit the substantive restraints the good faith requirement imposes, and besides, good faith is usually a procedural review to determine whether a party is honestly trying to live up to its substantive obligations. See Restatement (Second) of Contracts § 205 (1981) (“Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party ----”) (emphasis added).
I therefore respectfully concur.